IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-40044
Summary Calendar

MARK ANTHONY BAXTER

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-448

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Mark Anthony Baxter, Texas prisoner # 1155779,
was convicted by a jury of aggravated assault against a public servant for which
he was sentenced to 50 years imprisonment.  His conviction was affirmed on
appeal and he was denied state habeas relief.  Baxter filed a 28 U.S.C. § 2254
application, which the district court denied.  After denying Baxter's § 2254
application, the district court granted Baxter a certificate of appealability on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

questions whether there is a reasonable likelihood that the jury applied a mandatory evidentiary presumption in a way that violates the Constitution and whether Baxter suffered prejudice from his trial counsel's failure to object to jury instructions containing a mandatory evidentiary presumption.

Regarding the jury instruction issue, Baxter contends that his constitutional rights were violated when the trial court failed to give a charge on the presumption that, he insists, was mandated by Texas Penal Code § 2.05(a)(2) (Vernon 2005) after the court gave the jury a Texas Penal Code § 22.02(c) (Vernon 2005) instruction on a presumed fact. His argument consists of generalized legal boilerplate regarding jury instructions and due process. He asserts in a conclusional fashion that there is a reasonable likelihood that the jury applied the presumption in a way that violated the Constitution. In light of the record and the detailed analyses of the state appellate court and the district court, we conclude that Baxter has failed to establish that the district court erred in denying habeas relief on this issue. See Ortiz v. Quarterman, 504 F.3d 492, 496 (5th Cir. 2007); 28 U.S.C. § 2254(d).

Baxter also asserts a claim of ineffective assistance of counsel. Although Baxter insists that there is a reasonable likelihood that the jury would have returned a different verdict if it had been properly instructed, he does not address the detailed analysis performed by the district court regarding this issue. His argument is conclusional, at best. Conclusional allegations of ineffective assistance of counsel are insufficient to establish the petitioner's right to habeas relief. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Moreover, Baxter's argument does not amount to the affirmative showing of prejudice that is required under Strickland v. Washington, 466 U.S. 668, 693-94 (1984). His argument thus fails to establish that the district court erred in denying habeas relief on this ground. See Ortiz, 504 F.3d at 496; § 2254(d).

The district court's judgment is AFFIRMED.